UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHELBY CALMESE, | No. 1:19-cv-00798-LJO-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DENY PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| S. YOUNG, Warden, | **[Doc. 11]** |
| Respondent. | |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 7, 2019, Petitioner filed the instant petition. He is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution located in Mendota, California. He challenges the computation of his federal sentence by the BOP, and claims the BOP failed to credit his federal sentence for time he was borrowed from state authorities to face federal charges. On September 24, 2019, Respondent filed a motion to dismiss in which he contends: 1) Petitioner failed to exhaust his administrative remedies; and 2) The claims are meritless insofar as the BOP has correctly computed his federal sentence. Petitioner did not file an opposition.

For reasons discussed below, the Court will RECOMMEND Respondent's motion be GRANTED and the petition be DENIED with prejudice.

1

**DISCUSSION**

**I.      Background**

     *A.      State Proceedings*

     Between 2007 and 2009, Petitioner committed several crimes in Missouri, including

stealing, second degree robbery, and resisting arrest, for which he received state sentences

followed by state parole. (Doc. 11-2 at 19-20.)  On April 22, 2014, he was released on parole.

(Doc. 11-2 at 18.) Thereafter, he was arrested for several offenses. (Doc. 11-2 at 13-15.) On

March 25, 2015, the State of Missouri commenced proceedings for violating state parole. (Doc.

11-2 at 18.)  On May 13, 2015, a parole revocation hearing was held, and parole was revoked.

(Doc. 11-2 at 31.) Petitioner was taken into state custody for the remainder of the state prison

term which was set to expire on June 22, 2017. (Doc. 11-2 at 31.)  He obtained early release on

April 27, 2017, for good conduct. (Doc. 11-2 at 45, 49.)

     *B.      Federal Proceedings*

     On April 29, 2015, Petitioner was indicted in the United States District Court for the

Eastern District of Missouri for multiple offenses including being a felon in possession of a

firearm. United States v. Calmese, Case No. 4:15-cv-00199-CEJ (E.D.Mo. 2015.)  On January 11,

2017, Petitioner pled guilty to one count of being a felon in possession of a firearm. Id. (Doc.

117.) On April 11, 2017, Petitioner was sentenced to serve a total federal prison term of 65

months. Id. (Doc. 127.)  On April 27, 2017, Petitioner was released from Missouri state custody

and taken into federal custody to commence serving his federal sentence. (Doc. 11-2 at 45, 49.)

     On several occasions during the time Petitioner was in Missouri custody serving his state

sentence, Petitioner was borrowed from state custody by federal authorities via *writ of habeas*

*corpus ad prosequendum* ("WHCAP") for federal proceedings. (Doc. 11-2 at 6-9.)

     *C.      Federal Sentence Calculation*

     The BOP determined that Petitioner's sentence, which was imposed on April 11, 2017,

commenced on April 25, 2017—the date he was released from Missouri and taken into federal

custody. (Doc. 11-2 at 7-9.) He was not awarded any credit for any time between the date of his

arrest, January 20, 2015, and the date he was taken into federal custody, April 25, 2017. (Doc. 11-

2 at 8.) He also received no credit against his federal sentence for any time he was on loan from the State of Missouri via WHCAP. (Doc. 11-2 at 8.)

On July 31, 2017, Petitioner submitted an inmate request with prison authorities for credit against his sentence for time he was on loan via WHCAP. (Doc. 11-2 at 8.) On August 9, 2017, the BOP denied his request because that time period had already been credited against the state sentence. (Doc. 11-2 at 8.) Allowing for possible good time credits, the BOP calculated Petitioner's federal sentence will end on December 8, 2021. (Doc. 11-2 at 8.)

**II.      Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner alleges that he is being unlawfully denied credit against his federal sentence. Thus, Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claim is proper under 28 U.S.C. § 2241.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

3

1  Petitioner is incarcerated at the Federal Correctional Institution located in Mendota, California,

2  which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

3  **III.  Exhaustion**

4      Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

5  circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.

6  Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

7  1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that

8  federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

9  judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.

10  1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If

11  Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

12  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

13  administrative remedies before proceeding in court."

14      The first step in seeking administrative remedies is a request for informal resolution. 28

15  C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP

16  makes available to inmates a formal three-level administrative remedy process: (1) a Request for

17  Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a

18  Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the

19  geographic region in which the inmate's institution is located; and (3) a Central Office

20  Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §

21  542.10 et seq.

22      According to the exhibits attached by Respondent, Petitioner submitted a BP-9 "Request

23  for Administrative Remedy" and a BP-10 "Regional Administrative Remedy Appeal" concerning

24  his claims of sentence miscalculation. (Doc. 11-1 at 58-74.)  He did not submit a BP-11 "Central

25  Office Administrative Remedy Appeal."  Therefore, Respondent is correct that the claims have

26  not been administratively exhausted, and the petition should be dismissed for lack of exhaustion.

27  In addition, as discussed below, the claims are without merit.

28  ///

4

## IV.    Commencement of Federal Sentence

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996). A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).

Petitioner contends his sentence should be credited for time he spent in federal custody from April 2015 to April 2017. It is undisputed that Petitioner was taken into federal custody on April 27, 2017. Petitioner was also not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" during the period from April 2015 to April 2017, because during that time period, Petitioner, despite being temporarily placed with federal authorities, was still serving his state sentence and still in the primary custody of the State of Missouri. Thus, Petitioner's federal sentence began when he was "received into [federal] custody" on April 27, 2017, shortly after he completed his state prison term. Thomas, 923 F.2d at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977) ("a federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950) ("his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary"). It was only at that juncture that Petitioner was in the primary custody of federal authorities for purposes of awarding credits on his federal conviction.

Petitioner asserts that he should be awarded credits for those periods from April 2015 until April 2017, when he was borrowed by federal authorities via WHCAP from Missouri to answer federal charges. Title 18 U.S.C. § 3585, provides, *inter alia*, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). Contrary to Petitioner's assertions, there are two reasons why he is not entitled to these additional credits against his federal sentence. First, that time period was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), and, second, Petitioner had already received credit for that time on his state sentence, which precludes him from receiving the same credits on his federal sentence. § 3585(b)(2). To give Petitioner credit for the time period he was borrowed from the State of Missouri would violate the plain language of § 3585(b), and is barred by United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in Section 3585(b)] that a defendant could not receive a double credit for his detention time.").

Thus, Petitioner is not entitled to any credit for time spent in federal custody from April 2015 to April 2017 under § 3585(b). As noted by Respondent, all of the time Petitioner now seeks to have credited against his federal sentence has already been credited toward his state sentence. Since Petitioner has received full credit against his state sentence for the all the time spent in federal custody pursuant to the writ of habeas corpus, he is not entitled to any additional credit, which would in effect be double credits against his federal sentence for the same period of time. 18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337; Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam) (concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000) ("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his

6

prior state sentence."). Thus, the claims are without merit.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED, and the petition for writ of habeas corpus be DENIED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**November 19, 2019**__              _____/s/ *Sheila K. Oberto*_____
                                                    UNITED STATES MAGISTRATE JUDGE