UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHELBY CALMESE,<br><br>Petitioner,<br><br>v.<br><br>S. YOUNG, Warden,<br><br>Respondent. | No. 1:19-cv-00798-LJO-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 12)**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. No. 11)**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 20, 2019, the Magistrate Judge assigned to the case issued Findings and Recommendation to grant Respondent's motion and deny the petition. (Doc. Nos. 11, 12.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On December 6, 2019, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. No. 13.) Respondent did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

1

de novo review of the case. Petitioner raises several objections which the Court will address. First, Petitioner objects to the Magistrate Judge's finding that Petitioner failed to exhaust his administrative remedies. (Doc. No. 13 at 2.) Petitioner states he attempted to file his BP-11 appeal, but for whatever reason, it was not transmitted to the appeals office. Assuming Petitioner exhausted his administrative remedies, it is clear he is not entitled to relief on his claims.

Petitioner concedes he is not entitled to credit for any time spent in custody from the time he was arrested on March 25, 2015, until March 25, 2016. (Doc. No. 13 at 2-3.) He claims, however, that he is entitled to credit for the time period from March 25, 2016, until April 17, 2017, because that period of incarceration was not credited toward any sentence. (Doc. 13 at 3.) Petitioner's contention is incorrect. That period of time was credited against his state sentence. As noted by the Magistrate Judge, a parole revocation hearing was held on March 13, 2015, and parole was revoked. (Doc. 11-2 at 31.) Petitioner was returned to state custody to serve the remainder of his eight-year term, with the maximum release date set for June 22, 2017. (Doc. 11-2 at 13.) Petitioner is not entitled to credit against his federal sentence for this time period as that would constitute double credit, which is barred under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 337 (1992).

Petitioner also complains that he did not receive a copy of Respondent's motion to dismiss and therefore did not receive notice and an opportunity to respond. Petitioner did file objections to the Magistrate Judge's Findings and Recommendations, however, and the Court has considered all of his arguments. Therefore, the Court finds that Petitioner has been given notice and opportunity to present his opposition to dismissal.

Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In addition, the Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-

336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

    1.    The Findings and Recommendations, filed November 20, 2019 (Doc. No. 12), is

ADOPTED IN FULL;

    2.    Respondent's motion to dismiss (Doc. No. 11) is GRANTED;

    3.    The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

    4.    The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and,

    5.    The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **January 4, 2020**　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE